1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN BROCK, *et al.*, | **CONSOLIDATION ORDER** |
| Plaintiffs, | *IN RE* CIRCULAR THERMOSTAT ANTITRUST LITIGATION <br> MDL Docket No. C 05-01673 WHA |
| v. | |
| HONEYWELL INTERNATIONAL, INC., | No. C 04-05328 WHA |
| Defendant. | |
| THOMAS FULLUM, *et al.*, | |
| Plaintiffs, | |
| v. | |
| HONEYWELL INTERNATIONAL, INC., | No. C 05-02076 WHA |
| Defendant. | |

**I. ORDER OF CONSOLIDATION**

A.   The above-captioned actions are hereby consolidated for pretrial and settlement purposes pursuant to Rule 42(a) of the Federal Rules of Civil Procedure. These actions and those of a like nature that may be consolidated with these actions shall be collectively referred to as "In Re Circular Thermostat Antitrust Litigation," MDL No. 1673 and Master File No. M 05-01673 WHA.

B.   This order is made without prejudice to the right of any party to apply for a severance of any claim or action.

C.     No action taken hereunder shall have the effect of making any person or entity a party to any action in which he, she or it has not been named, served or added in accordance with the Federal Rules of Civil Procedure.

### II. MASTER DOCKET AND SEPARATE ACTION DOCKETS

A Master Docket is hereby established for the consolidated pretrial proceedings, both in the actions consolidated herein and in all other cases filed in or transferred to this Court and consolidated herewith for pretrial purposes (hereinafter, "the consolidated actions"). Entries in the Master Docket shall be applicable to the consolidated actions as more fully set forth below. Separate dockets shall also be maintained for each of these consolidated actions, and entries shall be made therein in accordance with the regular procedures of the Clerk of the Court, except as modified by Parts VI and VII of this order.

### III. MASTER FILE AND SEPARATE ACTION FILES

A Master File is hereby established for the consolidated pretrial proceedings in the consolidated actions. The Master file shall be Civil Action No. M 05-01673 WHA. The original of this order shall be filed by the Clerk of the Court in the Master File. The Clerk shall maintain a separate file for each of the consolidated actions, and filings shall be made herein in accordance with the regular procedures of the Clerk, except as modified by Section II, above. The Clerk shall file a copy of this order in each such separate file.

### IV. NEWLY FILED OR TRANSFERRED ACTIONS

When a case that relates to the same subject matter as these actions is hereafter filed in this Court or transferred to this Court from another district court, or otherwise ordered to be consolidated with these cases, the Clerk shall:

A.     Electronically file a copy of this order in the separate file for each action.

B.     Make an appropriate entry in the Master Docket.

C.     Upon the first appearance of any new parties, add them to the Master Docket and mail the attorneys for the newly-added parties a copy of this order, if they have not already been served electronically.

*United States District Court*

*For the Northern District of California*

United States District Court

For the Northern District of California

1    The Court requests the assistance of counsel in calling to the attention of the Clerk the

2  filing or transfer of any case that might properly be consolidated for pretrial purposes with these

3  actions.

4    **V.  APPLICATION OF THIS ORDER TO SUBSEQUENTLY FILED OR TRANSFERRED ACTIONS**

5         This order shall apply to:

6  •    Brian Brock, *et al.*, - v. - Honeywell International, Inc., No. C 04-5328 WHA;

7  •    Thomas Fullum, *et al.*, - v. - Honeywell International, Inc., No. C 05-2076 WHA;

8  •    to all other cases transferred to this Court pursuant to the order of the Judicial Panel on

9       Multidistrict Litigation; and

10 •    to all cases subsequently filed in or transferred to this Court which involve claims

11      related to alleged antitrust violations in connection with defendant Honeywell's circular

12      thermostats, or otherwise ordered consolidated with these cases unless a party objecting

13      to the consolidation of that case or to any other provision of this order serves an

14      application for relief from this order or from any of its provisions within ten (10) days

15      after being served with a copy of this order.

16                       **VI.  CAPTION OF CASES**

17 A.   Every pleading filed in the consolidated proceedings, or in any separate action included

18      herein, shall bear the following caption:

19                     IN THE UNITED STATES DISTRICT COURT
                     FOR THE NORTHERN DISTRICT OF CALIFORNIA

20

21 *IN RE* CIRCULAR THERMOSTAT              MDL Docket No. C 05-01673 WHA
   ANTITRUST LITIGATION

22  _____/

23 This document relates to:

24 B.   When a pleading is intended to be applicable to all actions addressed by this order, the

25      words "ALL ACTIONS" shall appear immediately after the words, "This document

26      relates to:" in the caption above.  When a pleading is intended to be applicable only to

27      some, but not all, of such actions, this Court's docket number for each individual action

28      to which the pleading is intended to be applicable and the name of the named plaintiff in

United States District Court

For the Northern District of California

the action shall appear immediately after the words "This document relates to:" in the caption described above.

## VII. FILING AND DOCKETING

A.   When a paper is filed and the caption, pursuant to Section VI above, shows that it is to be applicable to "ALL ACTIONS," it shall be electronically filed in the Master File. The Clerk shall make any notations, as necessary, in the Master Docket. No further filings or docket entries are necessary.

B.   When a paper is filed and the caption, pursuant to Section VI above, shows that it is to be applicable to less than all of the consolidated actions, it shall be electronically filed both in the Master File and in the file of each specific action to which the paper is intended to be applicable.

## VIII. RULES OF PROCEDURE

Except as otherwise provided herein or by further order of the Court, the Federal Rules of Civil Procedure and the Local Civil Rules for the Northern District of California shall govern all further proceedings herein.

## IX. ADMISSION OF ATTORNEYS

Each attorney not a member of the bar of this Court who is acting as counsel for a plaintiff or defendant herein shall be deemed admitted *pro hac vice* to practice before this Court in connection with these proceedings, provided that the requirements of Civil Local Rule 11–3 are satisfied. Proposed orders for each attorney need not be submitted with applications.

## X. COMMUNICATION AMONG COUNSEL

The Court recognizes that cooperation by and among plaintiffs' counsel and by and among defendants' counsel is essential for the orderly and expeditious resolution of this litigation. The communication of information among and between plaintiffs' counsel and among and between defendants' counsel shall not be deemed a waiver of the attorney-client privilege of the protection afforded attorneys' work product, and cooperative efforts contemplated above shall not in any way be used against any plaintiff by any defendant or against any defendant by any plaintiff. Nothing contained in this provision shall be construed to

limit the rights of any party of counsel to assert the attorney-client privilege or attorney work-product doctrine.

### XI.  PROTECTIVE ORDER

The stipulated protective order filed on May 27, 2005, and approved subject to stated conditions on May 31, 2005, in the Master File shall be deemed to govern the two consolidated actions listed above as well as any cases subsequently filed in or transferred to this Court by the Judicial Panel on Multidistrict Litigation or otherwise ordered consolidated with these cases.

**IT IS SO ORDERED.**

Dated:  June 24, 2005



WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE